IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01285-BNB

KAREEM STEVENSON,

    Applicant,

v.

STEVEN HARTLEY, Warden, AVCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 0 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant, Kareem Stevenson, is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Stevenson initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. #3). Mr. Stevenson is challenging the validity of his conviction and sentence in the District Court for the City and County of Denver, Colorado, in case number 00CR2486. On June 9, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A), if Respondents intend to raise either or both of those defenses in this action. On July 20, 2010, Respondents filed their Pre-Answer Response (Doc. #9). On August 2, 2010, Mr. Stevenson filed his reply to the Pre-Answer Response (Doc. #10).

The Court must construe the application and other papers filed by Mr. Stevenson liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part and will draw the remaining claims to a district judge and to a magistrate judge.

Following a jury trial, Mr. Stevenson was convicted of two counts of second degree murder, one count of criminal attempt to commit manslaughter, and one count of first degree assault. He was sentenced to a total term of 116 years in prison. The judgment of conviction and the sentence were affirmed on direct appeal. *See People v. Stevenson*, No. 01CA1075 (Colo. App. Aug. 14, 2003) (Doc. #9-1) ("*Stevenson I*"). On February 17, 2004, the Colorado Supreme Court denied Mr. Stevenson's petition for writ of certiorari on direct appeal. (*See* Doc. #9-2.)

In June 2004, Mr. Stevenson sent a letter to the trial court seeking free transcripts of the trial proceedings and appointment of counsel to assist him in preparing a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.[1] In an order filed on September 17, 2004, the trial court construed the letter as a Rule 35(c) motion and denied the motion on the merits. Mr. Stevenson appealed the trial court's order arguing that the trial court erred in construing his letter as a Rule 35(c) motion. The Colorado Court of Appeals agreed and reversed the trial

---

[1] Respondents assert that the letter was filed on June 28, 2004. Although Mr. Stevenson does not dispute this assertion in his reply, the Court notes that Mr. Stevenson's state court briefs indicate the letter was filed on June 21, 2004. (*See* Doc. #9-5 at p.5, Doc. #9-13 at pp.4-5.) Ultimately, the exact date the letter was filed in June 2004 does not affect the Court's analysis.

2

court's order denying Mr. Stevenson's Rule 35(c) claims on the merits. *See People v. Stevenson*, No. 04CA2024 (Colo. App. Dec. 15, 2005) (Doc. #9-3) ("*Stevenson II*"). The mandate issued on February 10, 2006. (*See* Doc. #9-4.)

On March 24, 2006, Mr. Stevenson filed a postconviction Rule 35(c) motion challenging his sentence and asserting claims that counsel was ineffective. The trial court denied the motion without a hearing. On appeal, the Colorado Court of Appeals affirmed in part, reversed in part, and remanded for further proceedings. *See People v. Stevenson*, No. 06CA0903 (Colo. App. May 31, 2007) (Doc. #9-6) ("*Stevenson III*"). The Colorado Court of Appeals specifically determined that Mr. Stevenson was entitled to a hearing with respect to one of the ineffective assistance of counsel claims. On November 13, 2007, the Colorado Supreme Court denied Mr. Stevenson's petition for writ of certiorari. (*See* Doc. #9-7.)

On June 6, 2008, following the remand, the trial court again rejected the sole ineffective assistance of counsel claim that was the subject of the remand. (*See* Doc. #9-9.) The trial court's June 6 order was affirmed on appeal. *See People v. Stevenson*, No. 08CA1513 (Colo. App. Jan. 14, 2010) (Doc. #9-10) ("*Stevenson IV*"). On April 26, 2010, the Colorado Supreme Court denied Mr. Stevenson's petition for writ of certiorari. (*See* Doc. #9-11.)

The Court received the instant action for filing on May 26, 2010. Mr. Stevenson asserts the following four claims for relief:

    1.    The trial court erred in disallowing scientific evidence.

    2.    He was denied a proportionality review of his sentence.

3. His sentence was enhanced based on facts not found by the jury in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

4. The Colorado Court of Appeals erred in ruling that he was barred from raising new claims in the trial court on remand following *Stevenson III*.

Before addressing the affirmative defenses raised by Respondents in their Pre-Answer Response, the Court notes that claim four must be dismissed because that claim does not raise a cognizable federal constitutional issue. In his fourth claim, Mr. Stevenson challenges only a ruling entered by the Colorado Court of Appeals in the state court postconviction proceedings rather than the judgment of conviction. However, there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Therefore, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). As a result, Mr. Stevenson's fourth claim will be dismissed for failure to raise a cognizable federal constitutional claim.

Respondents first assert that the instant action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall

4

> run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Stevenson's conviction became final. In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Stevenson had ninety days to seek review in

5

the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on February 17, 2004, but he did not do so. Therefore, the Court finds that Mr. Stevenson's conviction became final on May 17, 2004, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.

The Court also finds that the one-year limitation period began to run on May 17, 2004 because Mr. Stevenson does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his federal constitutional claims before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

The next question the Court must answer is whether the state court postconviction proceedings tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." ***Artuz v. Bennett***, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

6

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents argue that this action is time-barred because Mr. Stevenson did not file his Rule 35(c) motion until March 26, 2006, which was nearly two years after the one-year limitation period began to run. Although Respondents concede that the trial court construed Mr. Stevenson's June 2004 letter as a Rule 35(c) motion, Respondents argue that the June 2004 letter did not toll the one-year limitation period in accordance with § 2244(d)(2) because Mr. Stevenson argued in state court that the June 2004 letter was not actually a Rule 35(c) motion. As discussed above, the Colorado Court of Appeals, in *Stevenson II*, agreed with Mr. Stevenson's argument and reversed the trial court's order denying the Rule 35(c) claims on the merits because Mr. Stevenson had not actually filed a Rule 35(c) motion.

The Court agrees that Mr. Stevenson's June 2004 letter was not a properly filed application for postconviction review and did not toll the one-year limitation period

pursuant to § 2244(d)(2). However, that is not the end of the matter because the one-year limitation period in § 2244(d) also is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if Mr. Stevenson shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate actually is innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808 (10th Cir. 2000). Of course, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, in order to demonstrate that he pursued his claims diligently, Mr. Stevenson must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

The Court agrees with Mr. Stevenson that the one-year limitation period should be tolled for equitable reasons. More specifically, the Court finds that the one-year limitation period should be tolled from September 17, 2004, when the trial court misconstrued Mr. Stevenson's June 2004 letter as a Rule 35(c) motion, until February 10, 2006, when the Colorado Court of Appeals issued its mandate following *Stevenson II*. Mr. Stevenson is correct that, once the trial court misconstrued the June 2004 letter as a Rule 35(c) motion, any new Rule 35(c) motion he attempted to file would have been denied. *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that

was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"). Because Mr. Stevenson was required to exhaust state remedies before he could pursue his claims in this Court as discussed below, the Court finds that the trial court's error in misconstruing his June 2004 letter as a Rule 35(c) motion was an extraordinary circumstance that prevented him from filing a timely habeas corpus application in this Court.

The Court also finds that Mr. Stevenson pursued his claims diligently. He timely appealed the trial court's September 17, 2004 order and, after the mandate issued following *Stevenson II* on February 10, 2006, he filed a Rule 35(c) motion in the trial court on March 26, 2006. Mr. Stevenson then continued to pursue his Rule 35(c) claims in state court diligently until the Colorado Supreme Court ultimately denied his final petition for writ of certiorari on April 26, 2010. As noted above, the Court received the instant action for filing on May 26, 2010.

Respondents do not address whether Mr. Stevenson's Rule 35(c) motion filed on March 26, 2006 tolled the one-year limitation period because they argue that the one-year limitation period expired before that motion was filed. However, because the Court finds that the one-year limitation period was tolled for equitable reasons from September 17, 2004 through February 10, 2006, the Court must address this issue. The Court finds that the Rule 35(c) motion filed on March 26, 2006 tolled the one-year limitation period pursuant to § 2244(d)(2) until the postconviction proceedings concluded on April 26, 2010.

To summarize, the Court finds that the one-year limitation period began to run on May 17, 2004. The one-year limitation period then ran for four months until September 17, 2004, when the trial court misconstrued Mr. Stevenson's June 2004 letter as a Rule 35(c) motion. The one-year limitation period was tolled for equitable reasons from September 17, 2004 through February 10, 2006, after which it ran for approximately one and one-half months until Mr. Stevenson properly filed his true Rule 35(c) motion on March 26, 2006. The one-year limitation period then was tolled again, this time pursuant to § 2244(d)(2), until April 26, 2010, and ran for one more month until the instant action was received for filing on May 26, 2010. As a result, the Court finds that the instant action is timely because the one-year limitation period ran for a total of only approximately six and one-half months.

Respondents also argue that the instant action should be dismissed because Mr. Stevenson's claims in the application are unexhausted and procedurally barred. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been

presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

As noted above, Mr. Stevenson first claims that the trial court erred in disallowing scientific evidence. He alleges in support of this claim that the trial court: (1) denied funds to allow him to present expert testimony concerning the scientific basis of the modern polygraph; (2) denied an evidentiary hearing concerning the admissibility of polygraph evidence; and (3) erred by failing to admit evidence relevant to his polygraph test presented by expert affidavit. Respondents argue that Mr. Stevenson's first claim is not exhausted because only part (1) was raised in the state courts and part (1) was rejected on direct appeal in *Stevenson I* on an independent and adequate state ground.

The Court does not agree with Respondents that Mr. Stevenson failed to exhaust state remedies for his first claim. With respect to Respondents' assertion that Mr. Stevenson did not raise all of his arguments in support of claim one in the state court proceedings, the Court notes that Respondents have failed to submit a copy of Mr. Stevenson's opening brief on direct appeal to support this assertion as directed in the Court's Order to File Pre-Answer Response. Therefore, the Court declines to dismiss any portion of Mr. Stevenson's first claim on the grounds that it was not raised on direct appeal. However, the Court does have some idea of what arguments Mr. Stevenson raised on direct appeal with respect to his first claim because the Colorado Court of Appeals in *Stevenson I* provided the following description of the errors asserted by Mr. Stevenson with respect to the trial court's exclusion of polygraph evidence:

> He argues that the trial court denied him equal protection of the law by refusing to allow an out-of-state expert to testify telephonically on the reliability of polygraph evidence. He argues that, as a result, he was deprived of the opportunity to challenge the per se rule against polygraph evidence by presenting expert testimony of its current reliability. He also argues that the trial court erred by refusing to have an evidentiary hearing on the issue, failing to make adequate findings of fact and conclusions of law, and ultimately, finding the polygraph evidence per se inadmissible under Colorado law.

(Doc. 9-1 at p.4.)

The Court also rejects Respondents' assertion that the Colorado Court of Appeals' rejection of Mr. Stevenson's arguments challenging the trial court's exclusion of the polygraph evidence rested on an independent and adequate state ground that constitutes a procedural bar to federal habeas corpus review. Ultimately, the Colorado Court of Appeals declined to address Mr. Stevenson's arguments regarding the

exclusion of the polygraph evidence "because we hold that, even if the polygraph evidence were admissible, its exclusion was harmless." (Doc. #9-1 at p.5.) Respondents present no authority for the proposition that the state court's harmless error analysis is an independent and adequate state ground. Although the Colorado Court of Appeals cited only state court cases in support of its harmless error analysis, those state court cases ultimately derive from federal law. Therefore, the Court will not dismiss Mr. Stevenson's first claim for failure to exhaust state remedies.

Mr. Stevenson contends in his second claim that he was denied a proportionality review of his sentence. He alleges in support of this claim that his sentence of 116 years in prison "is disproportanate [sic] to similar crimes commited [sic] in the same district by defendants with similar backgrounds." (Doc. #3 at p.6.) Respondents argue that this claim is unexhausted because, although Mr. Stevenson raised the claim on constitutional grounds in state court, "the issue was not decided as a federal constitutional issue in the state courts." (Doc. #9 at p. 17.) Instead, "the claim was decided entirely on adequate and independent state grounds." (*Id.*)

The Court does not agree that Mr. Stevenson failed to exhaust state remedies for his second claim. The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille*, 489 U.S. at 351. The fact that the state courts may not have addressed a federal constitutional claim that was fairly presented does not make a claim unexhausted. Furthermore, the decision of the Colorado Court of Appeals in *Stevenson III* does not demonstrate that the issue was resolved on an independent and adequate state ground.

Defendant next contends he is entitled to a

13

> proportionality review of his sentences and that his
> sentences are disproportionate to his crimes. In denying
> defendant's motion, the trial court conducted an abbreviated
> proportionality review and concluded that defendant's
> sentences were not disproportionate to the crimes. We
> agree with the trial court's conclusion.

(Doc. 9-6 at p.5.) The Colorado Court of Appeals then proceeded to consider the substance of Mr. Stevenson's claim challenging the constitutional proportionality of his sentence. (*See id.* at pp.5-7.) Therefore, the Court will not dismiss Mr. Stevenson's second claim for failure to exhaust state remedies.

Mr. Stevenson's third claim is that his sentence was enhanced based on facts not found by the jury in violation of **Apprendi v. New Jersey**, 530 U.S. 466 (2000). More specifically, Mr. Stevenson alleges that "[a]t the time of sentencing the court found that there were multiple victims in a single act which mandated that defendant be sentenced to consecutive sentences for those charges." (Doc. #3 at p.6.) Respondents argue that this claim also is unexhausted because the Colorado Court of Appeals rejected the claim on an independent and adequate state ground that serves as a procedural bar to federal habeas corpus review. The Court disagrees because the Colorado Court of Appeals addressed the merits of Mr. Stevenson's **Apprendi** claim and specifically determined that Mr. Stevenson's sentences did not exceed the statutory maximum under state law and, as a result, did not violate **Apprendi**. (See Doc. #9-6 at pp.4-5.) Therefore, the Court also will not dismiss Mr. Stevenson's **Apprendi** claim as unexhausted.

In conclusion, Mr. Stevenson's fourth claim for relief will be dismissed for failure to raise a federal constitutional claim. The Court finds that this action is not barred by

14

the one-year limitation period and the Court rejects Respondents arguments that Mr. Stevenson's first three claims are unexhausted. Accordingly, it is

ORDERED that Applicant's fourth claim for relief is dismissed for failure to raise a federal constitutional claim. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  19th  day of  August , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-01285-BNB

Kareem Stevenson
Prisoner No. 109162
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

Deborah Isenberg Pratt
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  8/20/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk