IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Marcia S. Krieger

Civil Action No. 10-cv-01285-MSK

KAREEM STEVENSON,

    Applicant,

v.

STEVEN HARTLEY, Warden, AVCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING PETITION FOR HABEAS CORPUS

---

The matter before the Court is an Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. No. 3). The Court has determined that the Application can be resolved on the parties' briefing and that no oral argument or evidentiary hearing is necessary.

**I.  Background**

In February 2003, a jury in the City and County of Denver, Colorado District Court case number 00CR2486 found Applicant guilty on two counts of second degree murder, one count of criminal attempt to commit manslaughter, and one count of first degree assault. The Colorado Court of Appeals (CCA) summarized the facts as follows:

> Defendant and a codefendant entered a home and went down
> to the basement where there were three other men who were
> drug dealers. Defendant was armed with a shotgun, and the

> codefendant was armed with a handgun. The codefendant shot one of the men in the head, and then defendant shot another of the men in the shoulder. Defendant then went upstairs and shot two other men with the shotgun. The codefendant then came upstairs and shot those two individuals in the head with the handgun. During the course of the shootings, the codefendant took money and drugs from one of the downstairs victims. There was also disputed evidence that defendant assisted in taking the money and drugs.
>
> Defendant and his codefendant were tried separately. At trial defendant asserted that he shot all three individuals in self-defense.[1]

Following the verdict, the trial court determined that the conviction of attempted manslaughter merged with the conviction of first degree assault. Applicant was sentenced to 48 years on each count of second degree murder and 20 years on the count of first degree assault, all counts to run consecutively. The CCA affirmed the convictions,[2] and the Colorado Supreme Court denied certiorari review.[3]

Applicant subsequently filed several postconviction motions in the trial court, all of which were eventually denied in their entirety.[4]

---

[1] People v. Stevenson (Stevenson I), No. 01CA1075, slip op. at 1 (Colo. App. Aug. 14, 2003). Applicant does not challenge the basic factual findings of the state courts, and these findings are presumed correct. *See* 28 U.S.C. § 2254(e)(1).

[2] Stevenson I, No. 01CA1075.

[3] Stevenson v. People, No. 03SC711, 2004 WL 296963 (Colo. Feb. 17, 2004).

[4] *See* People v. Stevenson (Stevenson II), No. 04CA2024 (Colo. App. Dec. 15, 2005); People v. Stevenson (Stevenson III), No. 06CA0903 (Colo. App. May 31, 2007), *cert. denied*, No. 07SC766, 2007 WL 3345050 (Colo. Nov. 13, 2007); People v. Stevenson, No. 08CA1513 (Colo. App. Jan. 14, 2010), *cert. denied*, No. 10SC118, 2010 WL 1644951 (Colo. Apr. 26, 2010).

On May 25, 2010, Applicant filed an Application For Writ Of Habeas Corpus asserting four claims.[5] Respondents thereafter filed a pre-Answer response that challenged the Application on timeliness, exhaustion, and subject matter grounds.[6]

On August 20, 2010, District Judge Philip A. Brimmer dismissed one claim for failure to raise a cognizable federal habeas issue.[7] However, Judge Brimmer found that the Application was timely filed and the remaining claims were properly exhausted for purposes of habeas review and ordered the Application to be drawn to a district judge.[8]

Respondents subsequently filed a full response on October 27, 2010.[9] Applicant filed a traverse on November 12, 2010.[10]

## II.  Habeas Claims

Three unresolved claims remain:

- **Claim 1:** Applicant's Eighth and Fourteenth Amendment rights were violated when the trial court refused to allow him to introduce evidence of his polygraph examination.

- **Claim 2:** Applicant's Eighth and Fourteenth Amendment rights were violated because his imposed sentence is disproportionate to the crimes committed.

---

[5] Doc. No. 3.

[6] Doc. No. 9 (July 20, 2010).

[7] Order (Doc. No. 11) at 10.

[8] Id. at 15.

[9] Doc. No. 19.

[10] Doc. No. 20.

- **Claim 3:** Applicant's Sixth and Fourteenth Amendment rights were violated when his sentences were run consecutively.

## III. Legal Standard

### A. Habeas Corpus Actions

Because Applicant filed his Application after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), that statute governs the Court's review.[11]  Under the AEDPA, a district court may only consider a habeas petition when the petitioner argues that he is "in custody in violation of the Constitution or laws or treaties of the United States."[12]

As a prerequisite to filing a federal habeas case, a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[13]  The Court has previously found that Applicant has exhausted state remedies for his remaining claims.[14]

When reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court.[15]  "When a federal district

---

[11] Cannon v. Mullin, 383 F.3d 1152, 1158 (10th Cir. 2004) (*citing* Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999)).

[12] 28 U.S.C. § 2254(a).

[13] O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

[14] Order (Doc. No. 11).

[15] *See* Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254 . . . . [it] does not review a judgment, but the lawfulness of the petitioner's custody *simpliciter*."[16]

A writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[17]

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1).[18]  The threshold question pursuant to § 2254(d)(1) is whether a petitioner seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final.[19]  Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."[20]  Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.[21]

---

[16] Coleman v. Thompson, 501 U.S. 722, 730 (1991) (internal quotations and citations omitted).

[17] 28 U.S.C. § 2254(d)(1).

[18] *See* Cook v. McKune, 323 F.3d 825, 830 (10th Cir. 2003).

[19] *See* Williams v. Taylor, 529 U.S. 362, 390 (2000).

[20] Id. at 412.

[21] House v. Hatch, 527 F.3d 1010, 1016 (10th Cir. 2008).  "Supreme Court holdings . . . must be construed narrowly and consist only of something akin to on-point holdings." Id. at 1015.

If there is no clearly established federal law, that is the end of the Court's inquiry.[22]  If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.[23]

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent."[24] "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'"[25]
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts.[26] Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.[27]

---

[22] Id. at 1017-18; Carey v. Musladin, 549 U.S. 70 (2006).

[23] See Williams, 529 U.S. at 404-05.

[24] Maynard v. Boone, 468 F.3d 665, 669 (10th Cir. 2006) (internal quotation marks and brackets omitted) (quoting Williams, 529 U.S. at 405).

[25] Williams, 529 U.S. at 405 (citation omitted).

[26] Id. at 407-08.

[27] House, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective one.[28]  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather that application must also be unreasonable."[29]  "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law."[30]  "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254."[31]

Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Applicant bears the burden of rebutting the presumption by clear and convincing evidence.  "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'"[32]

The Court "owes deference to the state court's *result*, even if its reasoning is not expressly stated."[33]  Therefore, the Court "must uphold the state court's summary decision unless [an] independent review of the record and pertinent federal law

---

[28] *See* Williams, 529 U.S. at 409-10.

[29] Id. at 411.

[30] Maynard, 468 F.3d at 671.

[31] Id.

[32] Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (*quoting* Miller-El v. Cockrell, 537 U.S. 322, 340 (2003)).

[33] Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999).

persuades [the Court] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented."[34]  "[T]his 'independent review' should be distinguished from a full *de novo* review of the petitioner's claims."[35]

### B. *Pro Se* Litigant

Applicant is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."[36]  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[37]  A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged.[38]  The Applicant's *pro se* status does not entitle him to an application of different rules.[39]

## IV.    Analysis

---

[34] Id. at 1178.

[35] Id.

[36] Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also* Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

[37] Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[38] Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

[39] *See* Montoya v. Chao, 296 F.3d 952, 957 (10th Cir. 2002).

### A. Claim 1: Polygraph Evidence

Applicant argues that his Eighth and Fourteenth Amendment rights were violated when the trial court refused to allow him to introduce evidence of his polygraph examination.

> Defendant gave a statement to the police, during which he stated, among other things, that he did not see his codefendant shoot the upstairs victims and was not aware of a plan to rob the other victims in the house. The police disbelieved these statements and asked defendant to submit to a polygraph examination. Defendant agreed, and the resulting examination focused on these two issues. The polygraph indicated that defendant was deceptive concerning whether he observed the codefendant shoot the upstairs victims, but that he was not deceptive when he stated that he did not have foreknowledge of a plan or intent to commit robbery. After the polygraph examination, the police interview continued, and defendant changed his story and states that he did see the codefendant shoot the two upstairs victims with a handgun.
>
> Defendant filed a pretrial motion seeking to introduce the results of the polygraph examination at trial. The trial court found the evidence inadmissible based on Colorado's per se rule against admission of polygraph evidence. As a result, the trial court denied defendant's request for an evidentiary hearing on the admissibility of the evidence.[40]

The CCA assumed, for purposes of its analysis, that the polygraph evidence was properly admissible but found its exclusion was harmless error.[41]

Applicant argues that the polygraph results demonstrated that he did not have intent to commit robbery during the crime. The CCA noted that defendant was acquitted

---

[40] Stevenson I, No. 01CA1075, slip op. at 2-3 (internal citations omitted).

[41] Id., slip op. at 4.

at trial of all felony murder, burglary, and conspiracy charges. Therefore, to the extent the polygraph results would have shown defendant's lack of knowledge of his codefendant's intent to rob the victims, the issue was moot since he was acquitted on all charges based on the codefendant's actions.

Applicant also argues that the polygraph evidence explained why he changed his story regarding whether he saw his codefendant shoot the upstairs victims. The CCA found this argument was irrelevant because the question of who shot the handgun was not a contested issue. The prosecution conceded that the codefendant fired the handgun, but it was uncontested at trial that Applicant's shotgun fired the fatal bullets.

In a § 2254 action, a state-court constitutional error is harmless unless it "had substantial and injurious effect or influence in determining the jury's verdict."[42] The polygraph evidence is neither relevant nor material with respect to any of the charges on which the Applicant was convicted.[43] The only issue contested by Applicant at trial was whether he acted in self-defense when he shot the victims. Nothing in the polygraph statements was relevant to this issue. Admission of this evidence would not

---

[42] Brecht v. Abrahamson, 507 U.S. 619, 631 (1993) (*quoting* Kotteakos v. United States, 328 U.S. 750, 776 (1946)). "[I]n § 2254 proceedings a court must assess the prejudicial impact of constitutional error in a state-court criminal trial under [Brecht], whether or not the state appellate court recognized the error and reviewed it for harmlessness under the 'harmless beyond a reasonable doubt' standard set forth in [Chapman v. California, 386 U.S. 18 (1967)]." Fry v. Pliler, 551 U.S. 112, 121-122 (2007).

[43] "Evidence is material if its suppression might have affected the trial's outcome." Richmond v. Embry, 122 F.3d 866, 872 (10th Cir. 1997) (*citing* United States v. Valenzuela-Bernal, 458 U.S. 858, 862 (1982)).

have affected the jury's decision on any charge on which Applicant was convicted.  This Court agrees with the CCA's conclusion that if any error exists, it is harmless.[44]

Since the alleged errors had no substantial or injurious effect or influence on the jury's verdict, relief on the Applicant's first claim is denied.

### B.    Claim 2: Proportionality Review

Applicant next claims that he was denied a proportionality review which violated his Eighth and Fourteenth Amendment rights.  However, this allegation is not factually accurate.  The record indicates that the trial court conducted an abbreviated proportionality review[45] and the CCA affirmed the trial court's decision denying his motion.[46]

Liberally construing the Application, this Court interprets this claim as an attack on the state Court decision as an unreasonable application of clearly established federal law - in the essence that the proportionality analysis was deficient.

"The Eighth Amendment, which forbids cruel and unusual punishment, contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'"[47] A sentence violates the Eighth Amendment if it is "grossly disproportionate to the severity of the

---

[44]"It is the materiality of the excluded evidence to the presentation of the defense that determines whether a petitioner has been deprived of a fundamentally fair trial." Maes v. Thomas, 46 F.3d 979, 987 (10th Cir. 1995).

[45]Record, Vol. 3, p. 55.

[46]Stevenson III, No. 06CA0903, slip op. at 3-5.

[47]Ewing v. California, 538 U.S. 11, 20 (2003) (*quoting* Harmelin v. Michigan, 501 U.S. 957, 996-97 (1991) (Kennedy, J., concurring in part and concurring in judgment)).

crime."[48]  This gross disproportionality principle is applicable only in exceedingly rare and extreme cases.[49]

The Applicant was convicted of committing multiple serious crimes including causing someone's death. He was ultimately sentenced below the maximum range allowed by the legislature.[50]  Considering the facts of this case, a more expansive proportionality review was not required.[51]  The state court's decision was not an unreasonable application of clearly established federal law and Applicant's second claim is denied.

### C.     Claim 3: Consecutive Sentences Violated Apprendi

Applicant's final argument is that his Sixth and Fourteenth Amendment rights were violated when the trial judge ordered his sentences to run consecutively. Specifically, Applicant argues that under Apprendi v. New Jersey[52] he was improperly given consecutive sentences because the criteria for mandatory consecutive

---

[48] Ewing, 538 U.S. at 21.

[49] *See* Lockyer v. Andrade, 538 U.S. 63, 73 (2003).  The Supreme Court has stated that, in a noncapital crime, the proportionality principle "would . . . come into play in the extreme example . . . if a legislature made overtime parking a felony punishable by life imprisonment." Ewing, 528 U.S. at 21 (*quoting* Rummel v. Estelle, 445 U.S. 263, 274 n.11 (1980)).

[50] Stevenson III, slip op. at 4.

[51] United States v. Schell, 692 F.2d 672, 675 (10th Cir. 1982) (*citing* Rummel, 445 U.S. at 274) (length of sentence actually imposed for an undeniably serous crime is purely a matter of legislative prerogative); *see* People v. Deroulet, 48 P.3d 520, 526 (Colo. 2002).

[52] 530 U.S. 466 (2000); *see also* Blakely v. Washington, 542 U.S. 296 (2004).

sentences, namely findings that there were either multiple victims or that there was a single criminal episode, were not explicitly found by a jury in his case.[53]

Discussion of this argument is abbreviated by noting that there is no clearly established federal law that Applicant identifies to support his argument.  Conversely, the Tenth Circuit recently held that imposing consecutive sentences based on judge-found facts does *not* implicate Apprendi where, as here, the individual sentences do not exceed the statutory minimum.[54]

At a minimum, Applicant can not demonstrate that his argument implicates clearly established federal law.  Therefore, the state court decision that consecutive sentencing in this case did not violate Apprendi[55] is not contrary to clearly established federal law and Applicant's third claim is denied.

**V.     Order**

Accordingly, it is

ORDERED that the Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. No. 3; June 3, 2010) is DENIED. It is

---

[53] *See* Colo. Rev. Stat. § 16-11-309(1)(a) (2000).

[54] Butt v. Hartley, 378 Fed. Appx. 822, 827 (10th Cir. 2010) (*citing* United States v. Andrews, 339 F.3d 754, 758 (8th Cir. 2003); United States v. Pressley, 345 F.3d 1205, 1213 (11th Cir. 2003); United States v. Noble, 299 F.3d 907, 909-10 (7th Cir. 2002); United States v. McWaine, 290 F.3d 269, 276 (5th Cir. 2002)); *see also* Oregon v. Ice, 555 U.S. 160 (2009) (Oregon law allowing judges to decide whether sentences for discrete offenses can be served consecutively or concurrently does not violate Apprendi or Blakely).

[55] Stevenson I, No. 01CA1075, slip op. at 6-7 (*citing* People v. Clifton, 69 P.3d 81 (Colo. App. 2001), *reaff'd in part*, 74 P.3d 519 (Colo. App. 2003)).

FURTHER ORDERED that a certificate of appealability shall not issue because Applicant has not made a substantial showing of the denial of a constitutional right.[56]

Dated this 12th day of December, 2011

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge

---

[56] 28 U.S.C. § 2253(c)(2);  Slack v. McDaniel, 529 U.S. 473, 483-485 (2000).